379 A.2d 558

COMMONWEALTH of Pennsylvania

v.

Terry WALLACE, a/k/a Terry Waller, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 18, 1977.

Decided Oct. 28, 1977.

Nino V. Tinari, Stephen P. Patrizio, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Eric B. Henson, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant was convicted by a jury of murder in the second degree, criminal conspiracy, carrying a firearm on a public street, possession of an instrument of crime, and various other weapons charges. Post-verdict motions were denied and this appeal followed.

■ Appellant raises two issues. Neither, however, has been preserved for appellate review. Appellant first contends that the trial judge erred in that the charge to the jury misstated the law concerning the standard of proof required in a criminal case. This issue has been waived because there was no objection made by the appellant to the charge during the trial. *See Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); Rule 1119(b), Pa.R.Cr.P.

■ Appellant next contends that he was not tried within the applicable time limit mandated by Rule 1100 of the Pennsylvania Rules of Criminal Procedure and therefore he was denied his right to a speedy trial and is entitled to a discharge. This issue has also been waived because it was not raised prior to trial.

Rule 1100(f) provides:

"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have

the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

Although appellant objected in the trial court to the prosecution's timely request for a continuance beyond the 270 day period applicable in this case, appellant did not then, or at any time prior to trial, move for a dismissal of the charges against him. Appellant failed to comply with Rule 1100(f). Under these circumstances, the issue now raised by the appellant has been waived and cannot be raised in this appeal. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Cases in which this Court has dismissed criminal charges because of a violation of the time requirements of Rule 1100 are cases in which the defendant complied with Rule 1100(f) by moving for a dismissal of the charges in the trial court prior to trial. *See Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976); *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975). *See also Commonwealth v. Roundtree*, 458 Pa. 351, 326 A.2d 285 (1974).

Judgments of sentence affirmed.

JONES, former C. J., and POMEROY, J., did not participate in the consideration or decision of this case.

NIX, J., filed a concurring opinion in which EAGEN, C. J., joined.

NIX, Justice, concurring.

While I am in accord with an affirmance of the judgment of sentence, I disagree with the majority opinion that the Rule 1100 issue has been waived. To the contrary, I arrive at the same conclusion after a consideration of the merits of the claim. The majority says the issue is waived because it was not raised prior to trial pursuant to section (f) of Rule

1100. However, the appellant did object prior to trial to the prosecution's request for an extension beyond the 270-day period pursuant to section (c). At the time of this objection, appellant's right to appeal the extension arose. He later preserved this right by raising it in post-trial motions. The appellant does not lose his right to seek appellate review of the trial court's ruling to grant the Commonwealth's request for extension over his objection by not later moving to dismiss the charges pursuant to section (f). Since the issue was not waived, it should have been addressed by the majority.

The complaint against appellant was filed on September 6, 1973. By November 23, 1973, the case was ready for trial with all pre-trial motions reserved for the time of trial.[1] This case was finally reached in the pool of cases ready for trial by May 30, 1974, shortly before the expiration of the Rule 1100 period. At this time the trial court heard appellant's pre-trial motions which had been reserved for the time of trial. Normally, where pre-trial motions are reserved for the time of trial and the trial judge directs the parties to proceed with the hearing on the motion, this will mark the commencement of trial for the purpose of tolling the Rule 1100 period. Comment to Rule 1100. However, this maxim contemplates that the trial will follow immediately after the motion is heard and disposed of. The Rule 1100 period does not end if, as in this case, the trial did not immediately follow the pre-trial motion hearing.

Here the appellant was granted his motion to suppress and the Commonwealth then appealed the ruling, having been granted an extension for this purpose. The Commonwealth was properly granted an extension for their appeal because to deny them this right would leave them without a remedy regarding any errors that may have occurred during the suppression hearing. They would be forced to try the case without the evidence upon which their case rested. The order granting the extension specified the period within

1. Both parties and the court agreed that any motions to suppress should be heard at time of trial.

which the trial shall commence as proscribed by section (c) of Rule 1100.[2] The Commonwealth subsequently withdrew the appeal on September 17, 1974, primarily because a co-defendant agreed to testify for the Commonwealth so that the suppressed evidence was no longer essential to their case. Three days later on a Friday the defendant was arraigned, pleaded not guilty, and demanded a jury trial. Voir dire began the following Monday. These six days between the withdrawal of the appeal and commencement of trial was a reasonable period of time as the court had granted for the Commonwealth to prepare for trial and, therefore, should be included in the extension.

It is clear from the succession of events that the Commonwealth proceeded as expeditiously as possible throughout the history of this case. The period of the extension, having been properly granted, is to be excluded from the 270-day period. Therefore, the trial did commence within the requisite 270 days from the filing of the complaint.

EAGEN, C. J., joins in this opinion.

2. The Commonwealth was granted an extension for the amount of time needed for the appeal *and for a reasonable time thereafter.*