383 A.2d 1268

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Joshua COLEMAN.**

Supreme Court of Pennsylvania.

Argued Nov. 18, 1977.

Decided March 23, 1978.

William T. Nicholas, Dist. Atty., Ross Weiss, 1st Asst. Dist. Atty., Eric J. Cox, Asst. Dist. Atty., for appellant.

Calvin S. Drayer, Jr., Asst. Public Defender, Chief, Appeals Div., Geo. B. Ditter, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal by the Commonwealth is from an order of the Superior Court which reversed the judgment of sentence and ordered that Joshua Coleman, appellee, be discharged pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure.

On September 24, 1974, Coleman was charged with burglary and theft. Prior to trial and the running of the 180-day period, the Commonwealth filed a petition for extension of time pursuant to Pa.R.Crim.P. 1100(c). After a hearing and argument on the matter, the court below granted the Commonwealth's petition. On April 22, 1975, a date within the extended time, appellee was tried by a judge and jury and was convicted of burglary. Post-verdict motions were denied, and appellee was sentenced to a prison term of six to twelve years.

Appellee then appealed to the Superior Court, alleging that the court below erred in granting the Commonwealth's petition for extension of time. Further, appellee argued that since the case was not tried within the 180-day period called for in the rule, he was entitled to a discharge. The Superior Court agreed with appellee, and on June 30, 1976, the court ordered that appellee be discharged. *Commonwealth v. Coleman*, 241 Pa.Super. 450, 361 A.2d 870 (1976). The Commonwealth filed a petition for allowance of appeal, which we granted.

The Commonwealth argues that the Superior Court erred in discharging appellee. The facts are as follows. A criminal complaint charging appellee with burglary and theft was issued on September 24, 1974. The case was listed for trial on January 27, 1975. While the Commonwealth was prepared to proceed, appellee requested a continuance, which the court granted for an unspecified period of time. The case was rescheduled in accordance with the normal Montgomery County procedure, which the trial court described as follows:

".   .   .   Since calendar control is under the direct supervision and control of the Board of Judges of this County, we may take judicial notice of the manner in which our Court Administrator, under our direction, schedules criminal matters. The next criminal session scheduled after the session during which the continuance was granted commenced February 24, 1975, and was a 3 week session. The next succeeding criminal session commenced April 14, 1975, also a 3 week session. Taking into consideration the availability of judicial personnel, the Court sets the number of cases to be listed for each three week segment of criminal court. The Court administrator then schedules specific cases at least 30 days prior to the first date of the criminal session, so that attorneys have ample notice, and sufficient time is allowed for subpoenaing witnesses. As a practical matter, it is thus not possible to superimpose upon an already prepared list, those cases which are continued from a current list. Instead, as happened here, continued cases are scheduled for the second session thereafter.   .   .   ."

As the original 180-day period was up on March 24, 1975, and appellee's trial was listed for April 22, 1975, the Commonwealth, on March 12, petitioned for and received an extension of time until April 28, 1975.

After conviction, Coleman filed post-verdict motions alleging, *inter alia*, that the court erred in granting the Commonwealth's petition for extension of time. The trial court did not specifically answer this question; rather, the court held that the entire delay between January 27, 1975 and April 22, 1975, was caused by appellee's requested continuance. After subtracting thirty days, as required by Pa.R.Crim.P. 1100(d)(2), the court found 55 days of delay attributable to appellee and thus held that appellee was tried within the required time.

The Superior Court reversed. After rejecting the trial court's finding that 55 days of the delay were attributable to appellee, the Superior Court stated:

". . . It was the duty of the Court Administrator of Montgomery County, under the supervision of the Board of Judges, to schedule appellant's trial within the period prescribed by Rule 1100. If the trial could not be scheduled within the period because of the manner in which Montgomery County provides sessions for criminal trials, it was incumbent upon Montgomery County to change its procedure. To hold otherwise would emasculate the Rule. Therefore, the period between the date the continuance was granted and the date the trial commenced cannot be charged against appellant." *Commonwealth v. Coleman, supra,* 241 Pa.Super. at 454, 361 A.2d at 872.

The Commonwealth first argues that the trial court was correct in attributing 55 days of the delay to appellee. Pa.R.Crim.P. 1100(d) provides:

"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

*   *   *   *   *   *

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded. . . ."

A continuance, with no date specified for trial, was granted on January 27 at appellee's request. Because of Montgomery County's scheduling problems, the case was listed for April 22. The Commonwealth would urge us to adopt the view that appellee must be held responsible for 55 days in the 85-day delay. This we are unwilling to do.

As Judge Hoffman, speaking for the Superior Court majority in *Commonwealth v. Coleman, supra,* 241 Pa.Super. at 454–55, n. 1, 361 A.2d at 873, n. 1, stated:

"The Rule 1100 problem created in the instant case could also have been avoided by the expedient of granting a continuance for a specified period of time. If a continuance is granted for an indefinite period, as in the instant case, it is impossible to tell whether it is for thirty days or for more than thirty days. *The court's failure to specify a*

*date certain, however, cannot operate to deprive appellant of his Rule 1100 rights. It is just as likely as not that appellant wanted a continuance for no more than thirty days.* The additional delay of 55 days resulted from the scheduling procedure employed by the Court Administrator.

"Furthermore, specific continuances would facilitate determination of possible Rule 1100 violations, and would operate as an additional stimulus to the Court Administrator to schedule trials within the period mandated by the Rule. Matters could be greatly simplified if defense counsel would request and trial courts would grant continuances for a definite period. It is clear that a defendant waives Rule 1100 violation by agreeing to a trial date beyond the period. See *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975)." (Emphasis added.)

We agree with Judge Hoffman's position, and in the future we will require that continuances be granted for a specified time to put an end to this troublesome problem.

The Commonwealth argues that refusing to adopt the trial court's position would force all prosecutors to challenge any defense requests for a continuance. By requiring trial courts to set a specified time for any continuance, however, the Commonwealth will be able to accurately compute the time as required by Rule 1100.

The Commonwealth next argues that Coleman has, for two reasons, waived the right to assert his Rule 1100 claim. When appellee requested and received his January 27 continuance, he signed the following:

"I am aware and have been advised of the implications and consequences of the above application and (have/do not have) objection to the continuance. I am further aware of my right to a speedy trial and that a continuance shall cause a delay in having said criminal charges disposed of by the Court."

We believe, however, that the form signed by appellee has no legal significance regarding an alleged waiver of Rule 1100 rights.

■ In *Commonwealth v. Mamon,* 449 Pa. 249, 256, 297 A.2d 471, 475, (1972), we stated: "Merely signing a consent form prepared prior to interrogation will not usually suffice to prove a valid waiver." While *Mamon* was concerned with Fourth and Fifth Amendment Rights, we believe the same principle is applicable in the instant case. Regarding any rights guaranteed by either the United States Constitution or the Pennsylvania Constitution, for a waiver of those rights to be valid, the Commonwealth must prove by a preponderance of the evidence that the alleged waiver was intelligently made. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Before finding a valid waiver, we must be convinced that an accused knows the nature of the constitutional rights involved. *Commonwealth v. Jones,* 457 Pa. 423, 322 A.2d 119 (1974). The form signed by appellee offers no explanation of what the right to speedy trial involves and we thus refuse to find a waiver on the basis of this form.[1]

■ The Commonwealth also urges us to find a waiver because appellee never filed a motion to dismiss the indictment. Pa.R.Crim.P. 1100(f) provides:

"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

The Commonwealth believes that since appellee never filed a pretrial motion to dismiss, he is precluded from raising any alleged Rule 1100 violation. We do not agree.

Under the theory of *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974), and its progeny, the burden is on a

---

1. Compare this form with the explanation required before finding a valid guilty plea, *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), or waiver of trial by jury, *Commonwealth v. Boyd,* 461 Pa. 17, 334 A.2d 610 (1975).

moving party to preserve any question for appellate review. In the instant case, however, filing a motion to dismiss would have been a futile gesture, as the court had granted the Commonwealth's petition for extension of time. In the view of the trial court, appellee's trial commenced within the time required by Rule 1100. While an accused must normally file a pretrial motion to dismiss to preserve a claim, we believe appellee in the instant case preserved the issue by opposing the Commonwealth's petition for extension of time. By so doing, the court is put on notice that an accused can challenge that court's finding of due diligence on the part of the Commonwealth. We can thus find no waiver by Coleman of his rights under Rule 1100.[2]

We are now presented with the crucial matter of this case, i. e. did the Commonwealth exercise all due diligence in bringing appellee to trial, thus justifying the trial court's action in granting an extension of time. Pa.R.Crim.P. 1100(c) provides:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attor-

2. In *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977), we held that the defendant had waived his Rule 1100 claim by failing to file a motion to dismiss under Rule 1100(f). The facts in *Wallace* are distinguishable from the instant case, thus compelling a different result. In *Wallace*, the trial court granted the defendant's suppression motion on the 270th day. The Commonwealth requested an extension of time to appeal the suppression court's ruling. The court granted the extension. However, rather than setting a specified date for trial, the court ordered that the defendant be tried within a "reasonable time" following disposition of the appeal. The Commonwealth subsequently withdrew its appeal and brought defendant to trial. In *Wallace*, thus, no certain time was set for the extension as was done in the instant case. When an extension of time is granted until a certain date, and the case is tried prior to that date, a motion to dismiss under Rule 1100(f) would be a futile gesture. In *Wallace*, however, since no certain time was set for the extension, it was by no means certain that a petition to dismiss would have been a futile motion. For that reason, we held that the defendant in *Wallace* had waived his Rule 1100 claim by failing to comply with Rule 1100(f).

ney, if any, and the defendant shall also have the right to be heard thereon. *Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.* Any order granting such application shall specify the date or period within which trial shall be commenced."

In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), we held that in appropriate circumstances, "judicial delay" may justify the granting of an application for extension of time.

As we explained in *Commonwealth v. Mayfield*, 469 Pa. 214, 220, 364 A.2d 1345, 1348 (1976):

"The Superior Court, concluding that rule 1100 was intended to promote prompt action by the courts as well as by the prosecution, held that delays attributable to court administration could never justify an extension under rule 1100(c). The rule, however, was not intended to create such an inflexible result. *This Court is aware that, despite diligent efforts by the trial courts, cases may arise when a trial of a defendant cannot be held within the prescribed period. In such circumstances, the policies which prompted the adoption of rule 1100 would not be served by disallowing a reasonable, limited extension specifying 'the date or period within which trial shall be commenced.'* Pa.R.Crim.P. 1100(c). *The rule recognizes that 'due diligence' is the most that should be demanded from the prosecutor and that if despite such efforts, he cannot prepare for trial within the prescribed period, an extension is permissible.* No more rigid result under our present rule is justified when the inability of a trial court to proceed within the prescribed period is at issue." (Emphasis added.)

The central question thus becomes did the prosecutor exercise all due diligence in bringing appellee to trial, for if so, the court acted properly in granting the extension of time.

As mentioned in the facts, the Commonwealth was prepared to proceed on January 27, 1975, when appellee's continuance was granted. Since Montgomery County did not have

continuous court terms, the case could not have been scheduled until April, after the original 180-day period.

As we see it, the Commonwealth did all it could do, except insist that the case be listed during the February session. In our view, however, this does not amount to a lack of due diligence on the Commonwealth's part. As the court explained, calendar control is under the direct supervision and control of the board of judges. Since a reasonable explanation was given for not trying the case until April, we can see no reason for forcing the Commonwealth to insist on a February date. This is especially true since the April date required only a short extension of less than thirty days.

In *Commonwealth v. Mayfield, supra,* 469 Pa. at 222, 364 A.2d at 1349, we stated:

"Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided."

In the instant case, we find both due diligence on the part of the prosecutor and a trial scheduled for the earliest date consistent with the court's business. Further, since judicial delay is involved, we believe the court's explanation is entirely reasonable. The trial court, thus, was correct in granting the extension.

Order of the Superior Court reversed and case remanded for proceedings consistent with this opinion.

POMEROY and NIX, JJ., concur in the result.

ROBERTS, J., files a concurring opinion in which MANDERINO, J., joins.

PACKEL, J., took no part in the decision of this case.

ROBERTS, Justice, concurring.

I agree with the plurality that appellee should not be discharged under Rule 1100. I do so, however, not because the record shows a reasonable explanation for the inability to try appellee timely, but because the proceedings in this case occurred before our decision in *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976).

This Court is ultimately responsible for the practice, procedure and conduct of all courts in the Commonwealth. Pa.Const. art. V, § 10. Rule 1100 was designed to decrease the backlog of criminal cases in our trial courts and to provide an objective standard for protection of a defendant's right to a speedy trial. *Commonwealth v. Mayfield*, supra, 469 Pa. at 217, 364 A.2d at 1347; *Commonwealth v. Hamilton*, 449 Pa. 297, 308, 297 A.2d 127, 133 (1972). We have recognized the need to focus the mandates of Rule 1100 upon the judiciary as well as upon the "due diligence" of the prosecution. *Commonwealth v. Mayfield*, supra, 469 Pa. at 222, 364 A.2d at 1349. Recognizing that "[t]he calendaring of cases lies ultimately within the power and responsibility of the trial court," *Commonwealth v. Mayfield*, supra, 469 Pa. at 218, 364 A.2d at 1347, we stated that "a mandatory time requirement will act as a stimulant to those entrusted with the responsibility of managing court calendars." *Commonwealth v. Hamilton*, supra, 449 Pa. at 308, 297 A.2d at 133. The rule provided a transition period to allow the court system to make any modifications necessary to comply with Rule 1100.*

---

* Pa.R.Crim.P. 1100(a)(1) & (a)(2) provide:

"(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

"(a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

The comment to Rule 1100 states:

"[A]lthough the ultimate goal is to require all cases to be tried within 180 days from the filing of a complaint, it is recognized that such a goal cannot be achieved immediately in all counties. The

We decided *Mayfield* well after the time provided for necessary judicial adjustments under the rule had elapsed. Accordingly, we there said:

> "Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided."

469 Pa. at 222, 364 A.2d at 1349. Because the rule announced in *Mayfield* was intended to further the requirement that "trial courts, as well as counsel for defense and prosecution, . . . exercise the highest standards for professional responsibility in order to implement rule 1100's mission of speedy trials," id., it follows that the reasons given by the trial courts must establish that compliance with the rule was impossible and not merely inconvenient or outside the regular scheduling procedure. Indeed, as the comment to the rule reflects, pre-*Mayfield* scheduling procedures such as those here employed may well have contributed to the "backlog of cases" preventing speedy trials. See note *.

The Superior Court found insufficient the reasons here given by the trial court for its inability to try appellee within the prescribed period, concluded appellee's trial had not been scheduled for the earliest possible date and held, therefore, that the Commonwealth was not entitled to an extension pursuant to Rule 1100(c). *Commonwealth v. Coleman,* 241 Pa.Super. 450, 361 A.2d 870 (1976); see *Commonwealth v. Shelton,* 469 Pa. 8, 19, 364 A.2d 694, 699 (1976). Judge Hoffman's opinion for the majority reasons that

backlog of cases in some urban counties and the present lack of sufficient court terms in some less populous judicial districts would prevent the immediate achievement of the goal. Therefore, for cases initiated within the first year, the goal of prompt trial is set at 270 days; thereafter, all counties will be expected to comply with the 180-day limit."

"[i]t was the duty of the Court Administrator of Montgomery County, under the supervision of the Board of Judges, to schedule [appellee's] trial within the period prescribed by Rule 1100. If the trial could not be scheduled within the period because of the manner in which Montgomery County provides sessions for criminal trials, it was incumbent upon Montgomery County to change its procedure. To hold otherwise would emasculate the Rule."

*Commonwealth v. Coleman,* supra, 241 Pa.Super. at 454, 361 A.2d at 872.

The Superior Court's reasoning is consonant with the purposes of Rule 1100. In *Mayfield,* this Court recognized ". . . the need to insure that trial courts exercise due diligence in implementing . . . rule 1100. We do not expect and will not permit the rule to be circumvented by unwarranted grants of extensions." 469 Pa. at 221, 364 A.2d at 1349. The scheduling practice in Montgomery County as reflected here falls short of the standards set by Rule 1100 and this Court's directive in *Mayfield.*

Nonetheless, I concur in the result. The reason given by the trial court for its inability to try appellee timely may have been consistent with the standards existing before *Mayfield.* Had the proceedings here occurred after this Court's decision in *Mayfield,* appellee's discharge would be required.

MANDERINO, J., joins in this concurring opinion.