389 A.2d 623

**COMMONWEALTH of Pennsylvania**

v.

**Philip J. HUGHES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided July 12, 1978.

John D. Finchbaugh, Assistant Public Defender, York, for appellant.

Donald L. Reihart, District Attorney, York, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

In the instant appeal from his conviction for aggravated assault, for which he received a sentence of five to ten years imprisonment, appellant argues that he was denied his right to a speedy trial pursuant to Pa.R.Crim.P., Rule 1100.[1] We agree and will reverse.

On January 26, 1975, a written complaint was filed charging appellant with aggravated assault. Following his waiver of a preliminary hearing, a York County grand jury indicted appellant on that charge on April 22, 1975. By June of 1975 the Commonwealth realized that appellant could not be tried until the August session of criminal court because of a scheduling difficulty which could carry the case beyond the 180 days permitted for bringing appellant to trial. The last day of the August session was August 25, 1975. Pa.R.Crim.P., Rule 1100(a)(2). Hence, on June 12, 1975, the Commonwealth filed a timely petition for an extension of time pursuant to Rule 1100(c), alleging generally that the Commonwealth's backlog of cases prevented

---

1. Because of our disposition of appellant's speedy trial claim, we need not reach his additional contention that his sentence was excessive.

appellant's case from reaching the grand jury prior to April 22, 1975, which in turn precluded appellant's case from going on trial earlier than August. The court granted the Commonwealth's petition.

During the August trial session the Commonwealth again encountered difficulty in bringing appellant to trial, this time because the Commonwealth could not locate its victim, who was to be the principal witness at the trial. Therefore, on August 28, 1975, the Commonwealth formally requested another extension of time to bring appellant to trial. Following a hearing on the petition this extension was granted the Commonwealth over appellant's objection. Appellant never filed a motion to dismiss pursuant to Rule 1100(f); and, on September 10, 1975, he was tried and found guilty of aggravated assault.

The first question we must address is whether appellant waived his right to raise an alleged violation of Rule 1100 on appeal because he failed to file a motion to dismiss pursuant to Rule 1100(f). This issue was first raised in this court in *Commonwealth v. Sprankle*, 241 Pa.Super. 298, 361 A.2d 385 (1976).[2] In the dissenting opinion in *Sprankle* it was argued that a motion to dismiss must be filed in every case in which a Rule 1100 violation is raised on appeal or else it will be waived. Responding to the dissent's interpretation of Rule 1100, in a footnote to the majority opinion, we indicated that it would be futile for the accused to file a motion to dismiss if he previously contested the Commonwealth's application for an extension of time, and if his challenge on appeal rested on the same grounds as did his objection to the extension.

At first it looked as if the Supreme Court would follow proposed course in the *Sprankle* dissenting opinion and establish a blanket rule requiring a motion to dismiss in every case in which a Rule 1100 violation is claimed on appeal. In *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977), the majority of the Court ruled that appellant's failure to

---

**2.** See also *Commonwealth v. Dandy*, 387 Pa.Super. 252, 381 A.2d 972 (1976).

file a motion to dismiss pursuant to Rule 1100(f) was fatal to his claim on appeal.[3]  In a concurring opinion which Chief Justice Eagen joined, Mr. Justice Nix stated that he found appellant's objection to the Commonwealth's petition for an extension sufficient to preserve the issue for review although, in reaching the merits of the claim, he would also have affirmed.  Hence, if *Wallace* had been the Supreme Court's only opportunity to speak to the issue heretofore, we would have great difficulty reaching the merits of appellant's claim in the instant case.

Most recently, however, the Supreme Court had the opportunity to review *Wallace* and substantially limited its applicability.  In *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), the Supreme Court confronted a situation which, from a procedural standpoint, was similar to the instant case.  In *Coleman* the Commonwealth asked for, and received, an extension of time in which to try the defendant. The defendant objected to the extension on the ground that the Commonwealth had not demonstrated that its inability to try him within 180 days occurred despite its due diligence. In reversing our court, which also had reached the merits of appellant's claim but ruled against the Commonwealth,[4] the Supreme Court distinguished *Commonwealth v. Wallace*, supra, and ruled that a defendant need not file a motion to dismiss under Rule 1100(f), at least where the grounds he would have raised in such a motion are the same as those he raised in objecting to the extension of time.  In so ruling the Court, per Mr. Justice O'Brien, stated:

> "While an accused must normally file a pretrial motion to dismiss to preserve a claim, we believe appellee in the instant case preserved the issue by opposing the Commonwealth's petition for an extension of time.  By so doing, the court is put on notice that an accused can challenge that court's finding of due diligence on the part of the

**3.** Jones, former C. J. and Pomeroy, J., did not participate in the consideration or decision of this case.

**4.** *Commonwealth v. Coleman*, 241 Pa.Super. 450, 361 A.2d 870 (1976).

Commonwealth. We can thus find no waiver by Coleman of his rights under Rule 1100." *Commonwealth v. Coleman,* 477 Pa. at 408, 383 A.2d at 1272.

Applying *Coleman* to the facts of the instant case, we find that appellant has properly raised the issue of the alleged violation of his rights under Rule 1100.[5] In this case as in *Coleman* appellant argues that the court below erred in granting the Commonwealth an extension of time, because the Commonwealth failed to demonstrate it had been duly diligent. The court having once had the opportunity to hear the evidence on this claim and rule on appellant's argument prior to trial, nothing of substance could have been gained by appellant's filing a Rule 1100(f) motion to dismiss *pro forma.* Therefore, the issue has not been waived.

■■ Turning to the merits of appellant's claim, we find that the court below abused its discretion in granting the Commonwealth's petition for an extension of time on August 28, 1975. In pertinent part Rule 1100(c) provides that an application for an extension of time "shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Furthermore, in order to justify an extension of time to try the defendant the Commonwealth has the burden of proving it exercised due diligence. *Commonwealth v. Smith,* 477 Pa. 424, 383 A.2d 1280 (1978). In this case the Commonwealth completely failed to prove that it had exercised due diligence in attempting to locate its complaining witness which, allegedly, was the basis for requesting an extension of time. The Commonwealth's only attempt to locate the victim, Mr. Henderson, to testify at appellant's scheduled trial in August, 1975, was its issuance of a subpoena to serve him at his home. The subpoena was returned undelivered because, in

5. We recognize that the voting in *Coleman* was fragmented among the six Justices. However, Mr. Justice Roberts' concurring opinion which Mr. Justice Manderino joined makes clear that at least two other Justices would reach the merits of appellant's claim. Thus, an absolute majority of the Supreme Court would not have applied *Wallace* as a bar to reviewing the merits of Coleman's Rule 1100 claim.

point of fact, Henderson was then incarcerated in Lancaster County Prison. This fact was known to Henderson's wife who resided at the same address and, apparently, to Henderson's local bail bondsman. Although the Commonwealth characterizes this information as having been gained in "hindsight," we cannot conclude that they exercised due diligence when the simple expedient of asking the victim's wife of the victim's whereabouts would have led to his presence for appellant's trial in August. Failing such a minimal effort as a telephone call, the Commonwealth hardly demonstrated it exercised due diligence in seeking to secure the victim's presence at appellant's trial.

Judgment of sentence is reversed and appellant is discharged.

JACOBS, President Judge, concurs in the result.

VAN der VOORT, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.