409 A.2d 81

**COMMONWEALTH of Pennsylvania**

v.

**Joseph BILHARDT, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1979.

Filed Aug. 24, 1979.

96

Mitchell S. Lipschutz, Philadelphia, for appellant.

Frank DeSimone, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Appellant contends that the verdict against him is not supported by sufficient evidence and that the trial court erred in permitting admission of allegedly prejudicial hearsay testimony. We conclude that appellant has not preserved these issues for our review and, accordingly, affirm.

On April 26, 1977, a court sitting without jury convicted appellant of murder of the third degree and possession of an instrument of crime. Appellant failed to file post-verdict motions. Appellant did not request permission to file motions nunc pro tunc, but subsequently presented to the post-verdict court a brief raising the issues asserted in this appeal. The post-verdict court found that, because appellant had not filed post-verdict motions as required by Pa.R. Crim.P. 1123(a), the issues raised in the brief were not preserved for review. The court also found the issues without merit. Appellant received concurrent sentences of imprisonment of one and one half to ten years on the charge of murder of the third degree and one and one half to three years on the weapons charge. This appeal followed. The Commonwealth then submitted a letter announcing that it would not seek affirmance of the judgment on the ground that the issues are not preserved.

The post-verdict court correctly held that the issues raised in appellant's brief were not preserved for review. Rule 1123(a) provides that "only those issues raised and the grounds relied upon in the [post-verdict] motions may be argued." In *Commonwealth v. Blair*, 460 Pa. 31, 33 n.1, 331 A.2d 213, 214 n.1 (1975), our Supreme Court condemned the practice in some courts of ignoring this requirement and

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, and Judge WARREN K. HESS of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

stated that "Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts." The only exception to this strict enforcement of the terms of Rule 1123(a) is the situation where an appellant, after failing to file proper motions, submits a brief raising alleged error and the post-verdict court, without objection, disposes of the appeal on the basis of the merits of the issues belatedly raised. *See Commonwealth v. Pugh,* 476 Pa. 445, 383 A.2d 183 (1978).[1] This exception does not apply here.

The post-verdict court specifically recognized that appellant had failed to comply with the requirements of Rule 1123(a). For that reason, the court held, "the defendant has presented no issues for disposition by the appellate court." Thus, unlike in *Pugh,* the post-verdict court properly did not dispose of the asserted errors on the merits. *Commonwealth v. Carrillo,* 483 Pa. 215, 395 A.2d 570 (1978). The court's statements concerning the validity of appellant's contentions were dictum or, at best, alternative holding. Viewed in either light, they do not detract from the fact that the post-verdict court, as required by Rule 1123(a) and *Blair,* explicitly determined that appellant had not preserved any issues for appellate review.

In seeking to avert this conclusion, appellant relies on the letter of the Commonwealth, which informed this Court that it would not argue that the issues were not preserved. The Commonwealth's decision does not hinder us in enforcing Rule 1123(a). The policies behind the requirement of filed post-verdict motions extend beyond mere convenience to the parties; they include considerations of improving the quality of judicial review and professional competence of the appellate bar, of discouraging frivolous claims and promoting judicial economy. *See Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978); *Commonwealth*

---

1. For all cases in which post-verdict motions are filed after September 4, 1979, this exception will no longer exist. *See Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979) (plurality opinion).

*v. Williams,* 476 Pa. 557, 570 n. 11, 383 A.2d 503, 510 n. 11 (1978). Accordingly, the appellate courts of this state routinely determine that issues are not preserved for appeal although the Commonwealth fails to assert that point and meets the contentions solely on the merits. Our appellate courts' inherent power to enforce Rule 1123 finds further support in the well established principles that a judgment may be affirmed upon any ground properly appearing, *see, e. g., Commonwealth v. Allsup,* 481 Pa. 313, 392 A.2d 1309 (1978) and that control of the scope of review should reside in the reviewing court and not with the parties who, for reasons of their own perhaps not in the best interests of judicial practice, may choose not to address grounds sufficient to dispose of the appeal. *Commonwealth v. Mimms,* 477 Pa. 553, 561, 385 A.2d 334, 337 (1978) (concurring opinion of Roberts, J., joined by Eagen, C. J., and Manderino, J.).[2]

Therefore, we conclude that the issues appellant attempts to raise in this appeal are not preserved for review. *Commonwealth v. Blair, supra ; Commonwealth v. Seachrist,* 478 Pa. 621, 387 A.2d 661 (1978) (sufficiency of evidence to support verdict); *Commonwealth v. James,* 482 Pa. 463, 393 A.2d 1199 (1978) (evidentiary issue).

Judgments of sentence affirmed.

**2.** Appellant incorrectly characterizes the Commonwealth's letter as a "stipulation" that the issues asserted are preserved for review. The Commonwealth, however, merely stated that it would not seek affirmance on the basis that the issues were not preserved. Consequently, we need not determine whether a stipulation between an appellant and the Commonwealth that issues not properly preserved under Rule 1123(a) will, on appeal, be deemed preserved, can prevent an appellate court from enforcing the Rule. *See In Re 42 Pa.C.S. § 1703,* 482 Pa. 522, 394 A.2d 444 (1978) (exclusive authority of judiciary to make rules of procedure); *Commonwealth v. Walls,* 255 Pa.Super. 1, 386 A.2d 105 (1978) (exclusive authority of Supreme Court to amend rules of procedure); *Lower Merion Township v. Schenk,* 247 Pa.Super. 494, 372 A.2d 934 (1977) (legal force of rules of criminal procedure); *cf. T. C. R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977) (inability of parties by agreement to vest jurisdiction in court where otherwise it does not lie); *Commonwealth v. Call,* 249 Pa.Super. 511, 378 A.2d 412 (1977) (authority of appellate court sua sponte to raise jurisdictional defect).