414 A.2d 1023

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Walter DRAKE, Appellant.**

Supreme Court of Pennsylvania.

May 30, 1980.

542

John W. Packel, Chief, Appeals Div., Defender Assn. of Philadelphia, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Cynthia H. Severinson, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Walter Drake, appellant, was convicted of robbery after a nonjury trial in the Court of Common Pleas of Philadelphia. Post-verdict motions were denied, and a judgment of sentence of not less than one nor more than five years imprisonment was imposed. On appeal, the Superior Court affirmed the judgment of sentence. We granted Drake's petition to appeal here.

█ Drake claims the trial court erred in refusing to grant his pretrial *oral* application to dismiss the charges pursuant to Pa.R.Crim.P. 1100(f) [Hereinafter: Rule 1100]. The trial court denied the application on the merits. The Superior Court, in a memorandum opinion, indicated it affirmed because the issue was not preserved since Drake failed to file a *written* application to dismiss, citing *Commonwealth v. Yancey*, 251 Pa.Super. 478, 380 A.2d 880 (1977). We agree with the Superior Court and, therefore, affirm its order.[1]

█ Rule 1100(f) requires a copy of an application to dismiss the charges be served upon the attorney for the Commonwealth. This clearly indicates the Rule mandates a written application. The same purposes of providing the trial courts with specific facts and issues for determination and providing certainty in the record on appeal[2] which were advanced by our ruling in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) will be served by enforcement of the written application requirement under Rule 1100(f).[3]

Drake contends the Commonwealth did not raise the waiver issue in the Superior Court and that court should not have reached or relied upon it. We disagree. An appellate court is not compelled to ignore a rule of procedure merely because the parties fail to place it in issue. Otherwise, our rules of procedure would be no more than advisory guide-

---

1. Where an extension is granted to the Commonwealth pursuant to section (c) of Rule 1100 *and* trial commences within the period allowed by the extension, no written application to dismiss need be filed as objection to the extension preserves the issue. *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978). To the extent *Commonwealth v. Yancey*, supra, is inconsistent with *Commonwealth v. Coleman*, supra, it has been impliedly overruled. Also see in this connection *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977), and *Commonwealth v. Hughes*, 256 Pa.Super. 105, 389 A.2d 623 (1978).

2. See *Commonwealth v. Martin*, 479 Pa. 609, 388 A.2d 1361 (1978) and *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977).

3. In circumstances referred to in n. 1, the Commonwealth's written application for an extension pursuant to section (c) of the Rule will serve the same purposes.

lines. Cf. *Commonwealth v. Bilhardt*, —— Pa.Super. ——, 409 A.2d 81 (1979).

■ In a related argument, Drake urges that, if we now rule a waiver occurred for failure to file the motion to dismiss in writing, then the ruling should be applied prospectively. Again, we disagree.

In *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975), we indicated that oral post-verdict motions made prior to *Commonwealth v. Blair*, supra, would be considered sufficient to preserve issues for appeal "because the long-standing practice of some courts of accepting and ruling on oral motions tended to mislead counsel into relying upon the practice." But the instant situation differs from that which we confronted in *Commonwealth v. Fortune*, supra.

We know of no practice in the trial courts or in the appellate courts which could have justifiably misled counsel into believing that an oral motion to dismiss, pursuant to Rule 1100, is acceptable. *Commonwealth v. Blair*, supra, was decided well over a year prior to counsel's oral application to dismiss, and this, in itself, should have served notice on counsel that the requirements in our rules, that motions be in writing, are to be enforced. Next, post-verdict motions or, as previously referred to, motions for arrest of judgment and/or new trial had a long history of being made and accepted in oral form without a waiver consequence being imposed on appeal. No history exists in connection with section (f) of Rule 1100. Hence, no *basis* for justifiable reliance exists. Accordingly, *Commonwealth v. Fortune*, supra, is inapposite.

■ Drake next complains that, if trial counsel failed to raise the Rule 1100 claim properly, then he was ineffective. We decline to reach the merits of this position.

Pa.R.A.P. 1115(a)(3), in pertinent part, provides:

"Only the questions set forth in the petition [for allowance of appeal], or fairly comprised therein, will ordinarily be considered by the court in the event an appeal is allowed."

Ineffectiveness of trial counsel was not raised in Drake's petition for allowance of appeal, and the circumstances presented, rather than suggesting an extraordinary circumstance exists, weigh heavily against reaching the issue on the merits.

■ First, Drake is presently represented by a member of the office of the public defender as he was at trial. Accordingly, relief may be granted only if ineffectiveness was apparent from the record. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978). Moreover, the ineffectiveness issue cannot be decided without determining whether the Rule 1100 claim has arguable merit which is, in turn, dependent on whether the Commonwealth was entitled to an exclusion pursuant to section (d) of Rule 1100 which is, in turn, dependent on facts not of record.[4] Accordingly, we cannot on the record before us determine if the Rule 1100 issue is of arguable merit and, thus, cannot say ineffectiveness is apparent on the record.[5] Accordingly, we will not consider the ineffectiveness claim because it was not advanced in Drake's

4. Arguments on the oral application to dismiss were heard on the same day the motion was made. The court indicated to defense counsel that the Commonwealth had no opportunity to respond and could not know the basis of the application and that it was willing to set a hearing date if Drake would waive the Rule because of the impending run date. After various representations were made, the court ruled that, based on its prior decisions, the date of arrest, not the date the complaint was filed, commenced the running of the mandatory period, no violation of Rule 1100 had occurred. The court then expressly indicated that it would not, therefore, need to conduct a hearing, but would do so if such became necessary. Under such circumstances, the Commonwealth should be afforded an opportunity to show it was entitled to an exclusion, pursuant to section (d) of Rule 1100, to show the issue was not of arguable merit or, if at some point counsel is deemed ineffective in this respect, to show no violation occurred.

5. In so ruling, we need not now indicate, and, hence, we do not imply, that extraordinary circumstances would necessarily exist if new counsel replaced counsel who filed the petition for allowance of appeal and if reversible error was apparent in the record. Furthermore, were we to treat a claim of ineffectiveness raised for the first time in this Court in an appeal allowed by grace in the same way as a claim raised for the first time in this Court in an appeal as of right, we would render Pa.R.A.P. 1115(a)(3) a nullity.

petition for allowance of appeal and because there is an absence of extraordinary circumstances.[6]

Judgment of sentence affirmed.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

Unlike the majority, I would do more than extend appellant an invitation to seek relief in PCHA proceedings. The record is clear, and I would now hold, that counsel was ineffective in failing to present in writing appellant's application for relief under Pa.R.Crim.Proc. 1100(f). Once having made an oral motion for relief under Rule 1100, counsel could have no reasonable strategy basis not to preserve appellant's Rule 1100 claim in a proper manner. See *Commonwealth v. Von Smith*, 486 Pa. 564, 406 A.2d 1034 (1979) (no strategy basis for making untimely motion for severance). Thus, in the interests of fairness and judicial economy, I would vacate judgment of sentence and remand the proceedings for proper consideration of appellant's Rule 1100 claim.

---

**6.** Of course, our ruling is without prejudice to Drake to collaterally attack the judgment and, thereby, raise the issue.