442 A.2d 764

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thomas F. ALLEN.**

Superior Court of Pennsylvania.

Argued June 2, 1981.

Filed March 5, 1982.

Petition for Allowance of Appeal Denied Sept. 16, 1982.

William L. Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellant.

Keith L. Kilgore, Lebanon, for appellee.

Before McEWEN, MONTEMURO and SHERTZ *, JJ.

SHERTZ, Judge:

The Commonwealth appeals from an Order of the court below discharging appellee by virtue of Pa.R.Crim.P. 1100, following his conviction for receiving stolen property.[1] For the reasons which follow, we reverse.

A criminal complaint was filed against appellee on January 20, 1977 establishing an initial Rule 1100 rundate of July 18, 1977. On May 3, 1977, appellee executed a written waiver of his Rule 1100 rights and on June 27, 1977 appellee requested a continuance of the pretrial hearing on his application to suppress evidence. The trial court granted the request and rescheduled the hearing to July 25, 1977, seven days after the initial Rule 1100 rundate. The court rescheduled the pretrial hearing a second time and it was finally held on August 12, 1977. On or about that date, the court further granted appellee's request and continued the case until September 6, 1977 and directed the District Attorney to list the case for trial during the September Term of Criminal Court. On September 16, 1977, ten days past the continuance date set by the trial judge, the Commonwealth filed a petition to extend the time for commencement of trial, to which appellee filed an opposing answer. After a hearing on October 31, 1977, the trial court dismissed the petition as being premature on the basis of "stipulations and statements between and by counsel."

* Decision was rendered prior to SHERTZ, J., leaving the bench of the Superior Court of Pennsylvania.

1. 18 P.S. § 3925.

274

The case proceeded to trial on November 7, 1977 and ended in a mistrial on November 10, 1977. On November 17, 1977 the Commonwealth again filed a petition to extend. Appellee opposed the extension and filed, *for the first time*, a motion to dismiss under Rule 1100. Following a hearing, the motion was denied. A second trial commenced on January 3, 1978 and appellee was found guilty of receiving stolen property. Appellee then filed post-trial motions arguing, *inter alia*, that he was denied his right to a speedy trial. The lower court agreed with this claim and ordered appellee discharged. This appeal by the Commonwealth followed.

██ The initial argument presented by the Commonwealth is that appellee waived his Rule 1100 rights by failing to file a motion to dismiss prior to the commencement of the initial trial. We agree.

It is well established that a defendant waives his Rule 1100 rights by failing to file a motion to dismiss prior to the commencement of trial. *Commonwealth v. McCloud*, 487 Pa. 191, 409 A.2d 29 (1979); *Commonwealth v. Baines*, 480 Pa. 26, 389 A.2d 68 (1978); *See Commonwealth v. Chase*, 494 Pa.Super.Ct. 212, 431 A.2d 224 (1981).

██ Following the grant of a new trial, a defendant's rights to a speedy trial are prescribed by Rule 1100(e).[2] A trial following a mistrial is treated as a new trial granted by the trial court. Hence Rule 1100(e)(1) is applicable here. *See Commonwealth v. Legree*, 256 Pa.Super.Ct. 128, 389 A.2d 634 (1978); *Commonwealth v. Bytheway*, 290 Pa.Super.Ct. 148, 434 A.2d 173 (1981); *Commonwealth v. Manley*, 491 Pa. 461, 421 A.2d 636 (1980). Appellee's new trial, which

2. Pa.R.Crim.P. 1100(e) provides:
   (1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.
   (2) When an appellate court has granted a new trial, or has affirmed an order of a trial court granting a new trial, the new trial shall commence within one hundred and twenty (120) days after the appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket.

commenced fifty four days after the trial court declared a mistrial in appellee's first trial, satisfied the requirements of Rule 1100(e).

In *Commonwealth v. Hughes*, 256 Pa.Super.Ct. 105, 389 A.2d 623 (1978), we concluded that, following the grant of a contested petition to extend time for the commencement of trial under Rule 1100, it would be futile to require a motion to dismiss to be filed if defendant's challenge on appeal rested on the same grounds as did his objection to the extension. The rule, as recently stated by our Supreme Court in *Commonwealth v. Drake*, 489 Pa. 541, 414 A.2d 1023 (1980), is as follows:

> Where an extension is granted to the Commonwealth pursuant to section (c) of Rule 1100 and trial commences within the period allowed by the extension, no written application to dismiss need be filed as objection to the extension preserves the issue. *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978).

*Id.*, 489 Pa. at 544 n.1, 414 A.2d at 1024 n.1.

The exception to the requirement of an application to dismiss, as articulated by *Drake, Coleman* and *Hughes*, is inapplicable to the present case. Here the trial court did not grant the Commonwealth's petition to extend; rather, the trial court dismissed the petition as premature upon stipulation of the Commonwealth and the appellee. Therefore, it cannot be said that it would have been futile for the appellee to file a motion to dismiss following the lapse of 180 days and prior to the commencement of the first trial. Had appellee filed a timely motion to dismiss, the trial court would have been obliged to consider the Rule 1100 question on the merits. The failure of appellee to do so worked a waiver. Therefore, we reverse the order of the trial court discharging the appellee and remand the case to the lower court with the directive that it reinstate the conviction of the appellee on the aforementioned charge and proceed accordingly with sentencing.

Reversed and remanded.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

For the following reasons, I dissent. The majority asserts that appellee waived his rights under Rule 1100. I disagree with their assertion and also with the Commonwealth's alternative argument.

On September 16, 1977, the Commonwealth filed a petition to extend the rundate. Appellee opposed the petition. An opposition to a petition for an extension of a rundate can serve in lieu of a motion to dismiss for purposes of avoiding a finding of a waiver. See *Commonwealth v. Hughes*, 256 Pa.Super. 105, 389 A.2d 623 (1978). In the instant case, the petition was dismissed on the stipulations and statements of counsel; thus, the petition was never argued on the merits. It is clear from the record that all parties, including the court, were proceeding under the assumption that the petition was premature, an assumption that was incorrect. I see no reason why only appellee should be prejudiced when the erroneous assumption was one shared by all the parties, including the lower court judge. For these reasons, I feel that appellee did not waive his Rule 1100 rights.[1]

The Commonwealth, in the alternative, asserts that a remand is necessary to enable them to show due diligence, contending that the erroneous assumption at the Rule 1100 hearing prevented the introduction of necessary testimony on the record. From a close reading of the appropriate dates, it is apparent that such a remand would serve no purpose because the September 16 petition was not timely presented.

Giving the Commonwealth the benefit of the doubt on all excludable periods, the September 16 petition was still ten days late. Thus, the Commonwealth violated Section C of Rule 1100, precluding any showing of due diligence.

For the foregoing reasons, I feel that the lower court correctly discharged appellee. Accordingly, I dissent.

1. Admittedly, the scenario in this case is confusing. Much of the problem was caused by a written waiver of 1100 rights signed by appellee on May 3, 1977. The waiver was deficient in many respects, namely in that it appeared to be indefinite.