## Commonwealth v. Bator

*Robert J. Menapace,* assistant district attorney for the Commonwealth.

*James J. Rosini,* for defendant.

KREHEL, *P.J.,* July 5, 1985 — before the court is defendant's motion to dismiss for an alleged violation of Pa.R.Crim.P. 1100.

On March 27, 1984, a complaint was filed charging defendant with two counts of furnishing alcoholic beverages to minors, in violation of section 493(1) of the Liquor Code, Act of April 12, 1951, P.L. 90, Art. IV, §493, as amended, 47 P.S. §4-493(1).

On November 11, 1984, defendant applied to the district attorney's office for admission into the Accelerated Rehabilitative Disposition (A.R.D.) program.

On November 21, 1984, the Commonwealth filed a petition for extension of time to commence trial, citing the "Pending A.R.D. Application" as the basis for the petition. On December 12, 1984, this court granted an extension until the January, 1985 term of criminal court.

On January 24, 1985, the Commonwealth filed another petition for extension of time to commence trial, citing the "Pending A.R.D. Application" as the basis for the Petition. On February 8, 1985, this court granted an extension until the next term of criminal court.

Criminal court terms were held in February 1985, March 1985, and May 1985, yet no further extensions were requested by the Commonwealth. On May 21, 1985, defendant filed the motion to dismiss for an alleged violation of Pa.R.Crim.P. 1100 which is presently before the court.

The Commonwealth contends that the period from November 6, 1984 to the present should be excluded under Rule 1100(d), because, when applying for A.R.D., defendant waived Rule 1100 for the period spent in processing the A.R.D. application. Commonwealth Exhibit No. 1.

The Commonwealth has the burden of establishing the validity of any waiver. Commonwealth v.

Myrick, 468 Pa. 155, 360 A.2d 598 (1976). The waiver must be informed and voluntary.

While the comment to Pa.R.Crim.P. 1100 provides that the Commonwealth may request a waiver of Rule 1100 for the period spent in processing and considering an A.R.D. application, the Commonwealth must still demonstrate that the waiver is valid.

In this court's recent opinion in Commonwealth v. Kratzer, Northumberland County, Criminal Division, no. 84-360, filed June 18, 1985, this court determined that the purported waiver used in this case, as well as in Kratzer, was invalid for the following reasons:

(1) The purported waiver failed to inform defendant that Rule 1100 provides a period of 180 days from the filing of the criminal complaint in which defendant must be brought to trial.

(2) The purported waiver fails to inform the defendant that the charges against him can be dismissed if trial does not commence within the Rule 1100 period. Commonwealth v. Knupp, 333 Pa. Super. 576, 490 A.2d 1 (1985); cf. Commonwealth v. Martin, 300 Pa. Super. 497, 446 A.2d 965 (1982).

(3) The purported waiver fails to state the period for which Rule 1100 is waived. Commonwealth v. Coleman, 477 Pa. 400, 383 A.2d 1268 (1978).

This court determined that this purported waiver failed to adequately inform the defendant of the nature of the rights which were being waived. See: Commonwealth v. Jones, 457 Pa. 423, 322 A.2d 119 (1974).

Since the purported waiver is open-ended, the Commonwealth could delay this case indefinitely. In fact, while defendant applied for A.R.D. on 6 November 1984, it was not until May 1985 that this

case was even assigned to a probation and parole officer for an A.R.D. background investigation.

The purpose of Rule 1100 is to implement and protect a defendant's right to a speedy trial, Commonwealth v. Hamilton, 449 Pa. 297, 297 A.2d 127 (1972), a right at least as old as the Magna Charta (1215). The charges against this defendant have been pending for over 15 months.

The Commonwealth's assertion that the purported waiver creates excludable time is belied by the fact that, in November, 1984, and January, 1985, the Commonwealth asserted that the pending A.R.D. application was a basis for extension, not exclusion. Further, the petitions for extension asserted that the Rule 1100 period would have expired on September 22, 1984.

This court now re-affirms its decision in Kratzer, supra, that the purported waiver at issue in this case is invalid.

Justice delayed is justice denied. This case has been delayed long enough. There is no guarantee that this case will not linger for another six months before a decision is made on the A.R.D. application.

Since there is no valid waiver, the time since the A.R.D. application is not excludable and the Rule 1100 period has expired.

Accordingly, this court enters the following

## ORDER

And now, this July 5, 1985, for the reasons stated in the above opinion, defendant's motion to dismiss is granted, and the charges in this matter are dismissed with prejudice.