J-S34027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEVIN WILSON | |
| Appellant | No. 3537 EDA 2014 |

Appeal from the Judgment of Sentence Dated July 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008471-2011
CP-51-CR-0008472-2011

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:              **FILED SEPTEMBER 27, 2017**

Appellant, Kevin Wilson, appeals from the judgment of sentence imposed after the trial court convicted him of aggravated assault, conspiracy, simple assault, and recklessly endangering another person.[1] We affirm.

Appellant's convictions arose from an altercation in a Philadelphia neighborhood, where two brothers, Jesus Nieves and Alberto Nieves, were attacked and beaten by a group of men that included Appellant "and at least two or three" others. N.T., 5/15/14, at 11, 27. Christina Koch testified that Jesus Nieves was her fiancé, and she and Jesus Nieves lived with their

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702, 903, 2701 and 2705, respectively.

children, as well as Ms. Koch's brother, William Keith. Jesus Nieves' brother, Alberto, came to their home on the evening of June 15, 2011. Ms. Koch explained the ensuing altercation:

> My brother William was selling drugs on the porch next door to my house. And we have children. And I don't approve of my children seeing that. So we kept asking him not to do it there. And he proceeded to. And that's what it was all about.

*Id.* at 30. That evening, Alberto Nieves confronted William Keith about the drug dealing. Alberto Nieves subsequently exited the home and was attacked by the group of men who "kicked and stomped" him and rendered him unconscious. *Id.* at 11, 14, 22, 80. Alberto Nieves sustained a fractured skull, a broken jaw, and permanent scarring. N.T., 5/14/14, at 66. Jesus Nieves, too, exited the home and was beaten unconscious. *Id.* at 106. He stated that others, "at least five," were involved in the assault, but Appellant was the main assailant. *Id.* at 111.

On July 17, 2014, the trial court sentenced Appellant to 6 to 12 years' incarceration. Appellant filed a post-sentence motion seeking a new trial on the basis that the verdict was against the weight of the evidence. The trial court denied the motion on November 20, 2014. Appellant filed a timely appeal on December 18, 2014.

Appellant presents three issues for our review:

1. Did the trial court err when it denied the defense motion to dismiss pursuant to Pa.R.Crim.P. 600(A) as, even after taking excludable time into consideration, Appellant Kevin Wilson was not brought to trial within 365 days of the filing of the criminal complaint (June 15, 2011)?

2. Did the trial court err when it found that the Commonwealth disproved the defense of self-defense/defense of others beyond a reasonable doubt?

3. Did the trial court err when it found Appellant Kevin Wilson guilty of the criminal offense of criminal conspiracy as there was insufficient evidence to prove this crime beyond a reasonable doubt?

Appellant's Brief at 2.

With regard to Appellant's first issue asserting that he was denied a prompt trial as mandated by Pa.R.Crim.P. 600, we note that a written motion to dismiss is absent from the record. *Commonwealth v. Brock*, 61 A.3d 1015, 1019 (Pa. 2013) (to preserve a claim for relief under Rule 600, an appellant must file and serve upon the Commonwealth a written motion requesting such relief). Our Supreme Court has explained:

> In *[Commonwealth v.] Drake*, [489 Pa. 541, 414 A.2d 1023 (1980)], the defendant made an oral motion for dismissal pursuant to former Pa.R.Crim.P. 1100, now Rule 600. The trial court denied the motion on the merits. On appeal, the Superior Court affirmed, but concluded the defendant had waived his Rule 1100 claim by failing to file a written application to dismiss. Upon further appeal, this Court affirmed the Superior Court's decision, explaining that Rule 1100(g):
>
> > requires a copy of an application to dismiss the charges be served upon the attorney for the Commonwealth. This clearly indicates the Rule mandates a written application. The same purposes of providing the trial courts with specific facts and issues for determination and providing certainty in the record on appeal which were advanced by our ruling in *Commonwealth v. Blair*, [460 Pa. 31, 331 A.2d 213 (1975)], will be served by enforcement of the written application requirement under Rule 1100(f).
>
> *Id*. at 544, 414 A.2d at 1024–25 (footnotes omitted).

*Commonwealth v. Brock*, 61 A.3d 1015, 1017–18 (Pa. 2013) (footnote omitted).  The record contains the trial court's May 14, 2014 order denying "A Motion by the Attorney for the Defendant."  However, there is no indication that the referenced motion was in writing and properly filed.  This issue therefore appears to have been waived.

In any event, apart from waiver, we find no merit to this claim or to Appellant's other claims for the reasons detailed in the trial court's opinion.  *See* Trial Court Opinion, 7/11/16, at 1-3, 10-15 (addressing Rule 600 issue).  In addition to Appellant's Rule 600 issue, the trial court properly addressed Appellant's two remaining issues assailing the Commonwealth's disproof of self-defense and the sufficiency of the evidence to support his conviction of criminal conspiracy.  The trial court amply cites to the notes of testimony, and states the relevant standards of review and prevailing legal authority in its analysis and ultimate determination that Appellant's judgment of sentence should be affirmed.  *See id.* at 15-19.  Accordingly, we adopt and incorporate the trial court's July 11, 2016 opinion, in its entirety, as our own in disposing of this appeal.  The parties shall attach a copy of the trial court opinion when relevant to any future proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/25/2017</u>