Commonwealth *v.* Webster, Appellant.

Submitted March 18, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John J. Dean* and *John H. Corbett, Jr.,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, May 22, 1974:

On September 11, 1969, Darryl Webster was convicted by a jury in Allegheny County of murder in the

second degree. Post trial motions were later denied, and a prison sentence of ten to twenty years was imposed. No appeal was filed.

On January 15, 1973, Webster filed a petition seeking post conviction relief and, after a counseled evidentiary hearing, the trial court entered an order permitting a direct appeal to be entered from the judgment of sentence as if timely filed, but denying relief otherwise. Webster filed this appeal challenging the correctness of that part of the court's order denying post conviction relief.

The prosecution emanated from the firebombing of a family residence in Pittsburgh which resulted in the death of a sixty-eight-year-old female therein. A study of the record discloses the trial evidence was ample to establish that Webster acted in concert with other youths in committing the firebombing.

The appeal poses only one issue, namely, was Webster denied his constitutional right to effective trial counsel. Webster complains that the lawyer who represented him at trial had no personal connection with the case until the Friday immediately before the Monday the case was listed for trial, and, even though this lawyer requested a continuance of the trial to afford more time to prepare, the trial court denied this request. If these were the only pertinent facts involved, Webster's complaint might have merit, but the following additional facts in the record demonstrate the complaint is without merit.

The office of the Public Defender of Allegheny County was appointed by the court to represent Webster several months before the case was listed for trial as of Monday, September 8, 1969. On July 25, 1969, that office filed a motion to suppress evidence of an extra judicial statement made by Webster following his arrest. A hearing on this motion was conducted on September 8th, and the trial itself began on Sep-

tember 9th. At this suppression hearing and during the trial Webster was represented by Michael A. Litman, Esq., of the defender's staff. While it is true Mr. Litman was not personally assigned to the case until three days before the suppression hearing, other representatives of the defender's staff had interviewed Webster and engaged in the preparation of the case many weeks before. Moreover, Mr. Litman previously served as defense counsel during the trial of a co-defendant and at the time the continuance was requested instantly, he admitted to the court that "he was very familiar with the case."

The mere fact that trial counsel was not personally assigned to the case until three days before the trial does not, in itself, establish ineffectiveness. *Chambers v. Maroney*, 399 U.S. 42, 90 S. Ct. 1975 (1970), and *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). This is only one of several factors to be considered in determining the controlling issue—were the defendant's interests adequately protected at trial. After reading the entire trial record in this case and the testimony at the post conviction hearing, we are completely satisfied Webster's interests at trial were adequately protected.

We note Webster does not assert Mr. Litman was inexperienced in the trial of criminal cases (Mr. Litman testified that prior to appellant's trial he had represented criminal defendants in approximately two hundred and fifty instances), nor does he say Mr. Litman performed incompetently at trial. His main complaint is Mr. Litman should have had more time to personally prepare. However, Mr. Litman testified at the post conviction relief hearing that he did not know how any more preparation would have aided him at trial and he did not know of anything left undone in defense of his client.

Webster now asserts that due to the shortness of time Litman was involved in his case before trial, the attorney "was unable to subpoena witnesses crucial to the defense."[1] However, at the post conviction hearing, he admitted he never mentioned such witnesses to Mr. Litman or any representative of the defender's office. This was confirmed in the testimony of Mr. Litman.

Order affirmed.

---

[1] At the post conviction hearing he said he wanted these witnesses to "testify in my behalf as character witnesses."