348 A.2d 429

**COMMONWEALTH of Pennsylvania**

v.

**William Keith RIGGS, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Nov. 21, 1974.

Decided Oct. 30, 1975.

Rehearing Denied Dec. 16, 1975.

Dennis H. Eisman, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Benjamin H. Levintow, Asst. Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Assistant Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty., for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant was convicted of murder in the first degree, aggravated robbery and burglary stemming from the robbery and death by beating of one Isadore Selez on May 6, 1970. He was sentenced to life imprisonment on the murder charge and a concurrent 5 to 15 year term of imprisonment for aggravated robbery. Sentence was suspended on the burglary conviction.

At the time of the offense and his arrest appellant was 15 years of age. He made an oral confession to the police before being granted the benefit of counsel or parental or informed interest-adult guidance. A motion to suppress the statement was made pre-trial and was denied; the statement was admitted into evidence at trial. We held recently in *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975) that a waiver of *Miranda* rights obtained under such circumstances is involuntary. It follows that appellant's convictions must be reversed.

Judgments of sentence reversed and new trial is ordered.

JONES, C. J., filed a concurring opinion.

EAGEN, J., dissents.

POMEROY, J., filed a dissenting opinion.

JONES, Chief Justice (concurring).

I concur in the result on the basis that under the "totality of the circumstances" the judgment of sentence must be reversed and a new trial ordered. *Commonwealth v. Davis*, 455 Pa. 142, 314 A.2d 313 (1974); *Commonwealth v. Porter*, 449 Pa. 153, 295 A.2d 311 (1972); *Commonwealth v. Moses*, 446 Pa. 350, 287 A.2d 131 (1971).

Appellant Riggs was fifteen years of age at the time of his arrest. He was taken into custody by police officers at 4:10 p.m. on May 7, 1970. At 6:05 p.m. appellant was removed from the district police station to Homicide Division Headquarters for questioning in connection with a murder. which occurred the preceding day one block from where appellant and three friends were arrested (the youths having been originally picked up in a vacant house with goods commonly associated with the deceased victim's business). Appellant was given his *Miranda*[1] warnings upon arrival at Homicide Headquarters. He waived his rights thereunder and answered questions, at first denying participation in the death of the deceased. Approximately four and one-half hours (at 10:45 p.m.) after the questioning began, however, appellant made a full oral confession.

The facts of this case present another situation wherein the validity of a juvenile's custodial confession has come under attack. Presently, the analysis to be applied in such instances has become confused and the majority's per curiam reversal today, simply relying on *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975) [J–156 of 1974] as it does, adds nothing to a proper clarification of the law in this area.

The several cases dealing with the admissibility of a juvenile's confession decided by this Court in the past

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

have dealt with two separate issues: That is, whether or not a juvenile is capable of knowingly and intelligently waiving his constitutional rights; and, second, whether a particular juvenile, under individualized surrounding circumstances, has voluntarily confessed to a crime. These two separate issues, although overlapping in nature, demand distinct appraisals. Unfortunately they have often been treated as but one issue. The delineation of these two distinguishable inquiries was best expressed by Justice Eagen in his dissenting opinion in *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974) :

> "First, the will of the juvenile may be overborne by police tactics and he may become a victim of fear, panic, or coercion in the face of the presence of the law and give either an involuntary or untrustworthy statement. Second, because of his tender years he will not be able to understand his constitutional rights or the consequences of waiving these rights, thus, he does not effectively enjoy the benefits of his constitutional rights, or the protections which these rights provide." 459 Pa. 397–398, 329 A.2d at 290.

In those situations involving a pure waiver question, the relevant focus for the inquiry is that time period prior to the actual waiver and entails a review of the juvenile's age, intelligence, education, the circumstances surrounding his arrest and also access to interested-adult guidance. Circumstances of custody and interrogation subsequent to the waiver would be irrelevant in determining whether a knowing, intelligent and voluntary waiver of constitutional rights was made.

We are today confronted with a situation involving the reliability of appellant Riggs' oral confession. Because of the result reached, it becomes unnecessary to determine whether or not Riggs knowingly and intelligently waived his rights in the first instance. Upon reviewing the facts and circumstances surrounding that oral confession, the following factors must be noted: Appellant

was fifteen years old; his education assumed to be that of a youth of like age;[2] police questioning lasted over four and one-half hours before the boy admitted any involvement in the crimes charged; and, during this period of questioning, no interested adult intervened to offer guidance to the appellant.[3] The voluntariness of Riggs' oral confession, its trustworthiness, is not simply judged against the backdrop that it was made prior to the time he had opportunity to consult with his mother. Rather, his age, the lengthy custodial interrogation, the fact that he denied any part in the crimes charged for so long a period of time, plus the absence of interested-adult support combine to draw a total composite picture.[4]

*Commonwealth v. McCutchen, supra,* similarly considered all of the circumstances surrounding the juvenile confession under scrutiny in order to determine whether or not it was voluntarily given. The Court found the scales tipped by the lack of interested-adult consultation, rendering the confession inadmissible, where the fifteen year old was subjected to lengthy custodial interrogation, and confessed only after being told of the results of the polygraph test.

For the above reasons, I would reverse judgment of sentence and order a new trial.

**2.** Such an assumption is necessary in light of the fact that the notes of testimony of the suppression hearing are not part of the record supplied to this Court and the suppression court apparently filed no findings of fact or opinion.

**3.** After making the oral confession, appellant was permitted to see his mother, who advised the detectives that no formal written statement would be allowed without opportunity first to consult with an attorney. The police ignored appellant's mother's objections, however, and obtained a formal statement which was later adjudged inadmissible by the suppression court.

**4.** No mention is made of appellant Riggs' physical condition during and immediately following the police questioning. *Cf. Commonwealth v. Harmon,* 440 Pa. 195, 269 A.2d 744 (1970).

POMEROY, Justice (dissenting).

The same considerations as are expressed in Part I of my dissenting opinion in *Commonwealth v. Webster*, 457 Pa. 101, 320 A.2d 115 [1974] compel dissent in the case at bar.