## Re: BLM, a Minor

*John R. White, Assistant District Attorney,* for Commonwealth.

*Gary E. Hartman,* for defendant.

MacPHAIL, *P. J.,* September 17, 1976—In this case, a petition has been filed in juvenile court al-

leging that the juvenile committed the crime of theft. At the adjudicatory hearing, the Commonwealth offered an inculpatory statement made by the juvenile. Petitioner, a member of the Pennsylvania State Police, testified that the juvenile gave his inculpatory statement in the absence of his parents and before a reasonable effort had been made to contact the parents in order to have them present during the interrogation. The only adult present besides the police officer when the statement was given was the Chief Probation Officer of Adams County.

Beginning with Commonwealth v. McCutchen, 463 Pa. 90, 343 A. 2d 669 (1975), our appellate courts, in a series of cases, admonished the juvenile courts that inculpatory statements given by juveniles without the benefit of parental or interested adult guidance would be closely examined. The latest pronouncement of which we are aware is In the Interest of David Ruth, Appellant, 239 Pa. 453, 360 A. 2d 922 (1976), where the Pennsylvania Superior Court held that the Pennsylvania Supreme Court had not, as of March 29, 1976, held as a prophylactic rule that all juveniles are legally incapable of knowingly, intelligently and voluntarily waiving their constitutional rights and confessing without the advice of an adult. However, that court did point out that in Commonwealth v. Webster, 457 Pa., 101, 353 A. 2d 372 (1974, reargument denied 1976), the Supreme Court did say, at page 378:

". . . police officials *must* make a reasonable effort to provide an opportunity for the youthful accused to confer with and receive the benefit of counsel or an interested and informed adult guidance before permitting him to elect to waive these important constitutional rights." (Emphasis ours.)

We gather from those decisions that a confession given by a juvenile in the absence of his parents or other adult guidance is not, per se, inadmissible, but the interrogating officials must show a reasonable effort to provide the opportunity for the juvenile to confer with, and receive advice from, his parents or other adult interested in the juvenile.

As we have noted in the present case, not only were the parents not present but they were not notified. Neither was any effort made to provide the juvenile with other adult guidance.

The remaining issue is whether the chief probation officer would be an adult interested in the minor for the purpose of giving the minor informed adult guidance with respect to the exercise of his constitutional rights. We think not. In Commonwealth v. Roane, 459 Pa. 389 at 394, 329 A. 2d 286, at 288 (1974), it was said:

"An important factor in establishing that a juvenile's waiver of his constitutional rights was a knowing and intelligent one would be evidence that, before he made his decision to waive those rights, he had access to the advice of a parent, attorney, or other adult who was primarily interested in *his* welfare." (Emphasis ours.)

The probation officer is an officer appointed by the court. While the probation officer certainly should not be opposed to the interest of the minor, neither can he be the minor's advocate. His role is best described as that of an interested but impartial observer who must neither aid the police nor interfere with the proper police functions. Any other conclusion would compromise and seriously hamper the proper function of probation officers.

Accordingly, we must conclude that the inculpatory statement made by the juvenile is inadmis-

sible in the adjudicatory hearing. Without that evidence, the Commonwealth cannot prove the allegations in the petition in the case now before us beyond a reasonable doubt. Therefore, the petition must be dismissed.

## ORDER

And now, September 17, 1976, the petition is dismissed. Costs to be paid by the county.