372 A.2d 814
**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Tyrone JONES, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1977.

Decided April 28, 1977.

Richard A. Carroll, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Jane C. Greenspan, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Tyrone Jones, was convicted by a jury of murder of the first degree, conspiracy and carrying firearms on a public street. Following the denial of post-verdict motions, a sentence of life imprisonment was imposed on the murder conviction. Prison sentences were also imposed on the conspiracy conviction (5–10 years) and the firearms conviction (2–4 years), these sentences to run concurrently to the life sentence, but consecutively

to one another. Jones filed a direct appeal to this Court from the judgment of sentence on the murder conviction. The judgments of sentence on the conspiracy conviction and firearms conviction were appealed to the Superior Court which certified that appeal to this Court.

The sole argument advanced by Jones as the basis for reversal of the judgments and the grant of a new trial is that his confession should have been suppressed because it was obtained in violation of the rule requiring that a juvenile accused have an opportunity to consult with an interested and informed adult or counsel before waiving his constitutional rights.[1] *Commonwealth v. Smith*, 465 Pa. 310, 350 A.2d 410 (1976); *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 829 (1975); *Commonwealth v. Riggs*, 465 Pa. 208, 348 A.2d 429 (1975); *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).

A review of the record, however, indicates that this issue was not raised in post-verdict motions and, therefore, has not been properly preserved for appellate review. *Commonwealth v. Mitchell*, 461 Pa. 555, 337 A.2d 292 (1975); *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974); *Commonwealth v. Goodman*, 454 Pa. 358, 311 A.2d 652 (1973).

Accordingly, the judgments of sentence are affirmed.

Former Chief Justice JONES did not participate in the consideration or decision of this case.

---

1. Jones does not question whether the evidence was sufficient to warrant the jury's findings of guilt; nonetheless an independent examination of the record indicates that the verdicts have ample support in the record.