409 A.2d 29

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Eddie Mae McCLOUD, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1979.

Decided Dec. 21, 1979.

Anthony G. Bateman, Philadelphia, for appellant.

Robert B. Lawler, Asst. Dist. Atty., Chief, Appeals Division, James B. Jordan, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Appellant, Eddie Mae McCloud, appeals[1] from judgments of sentence imposed by the Court of Common Pleas of Philadelphia. McCloud was tried without a jury and found guilty of murder of the third degree, possession of a prohibited offensive weapon, and possession of an instrument of crime. McCloud was sentenced to two to ten years on the murder conviction and two to five years on the weapons conviction. The sentences were made concurrent. McCloud filed post-verdict motions in arrest of judgment and for a new trial nunc pro tunc. In these motions, she raised, *inter alia*, the following points:

"3. It was error to overrule the defendant's. Motion to supress [sic] Her formal statement, which though not used at trial nonetheless limited her ability to make tactical decisions concerning her trial.

"4. Though the Court in the Homicide Motion Calander [sic] Room had stated that the 'Run date' of the 180 days allowed under Rule 1100 Pa.R.Cr.Pro. was not for five

---

1. Appellant filed a direct appeal to this Court on the murder conviction pursuant to the Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended*, Act of April 28, 1978, P.L. 202, No. 53, § 10(4), 42 Pa.C.S.A. § 722 (Supp.1979). She appealed the weapons conviction to the Superior Court which certified that appeal to this Court.

days, an examination not drawn to Counsel's attention until after the trial may well demonstrate that the trial commenced after the 180th day, and the point is raised so as to preserve it if true.

"5. Defense reserves the right to use additional points upon review of the Notes of testimony from the trial."

McCloud, thereafter, failed to file or raise any additional assignments of error in support of her post-verdict motions.[2] Post-verdict motions were denied on June 28, 1978.

The record reveals the following additional facts:

On November 9, 1977, Tony Mace and John McCloud, brother of the appellant, became involved in an altercation near appellant's residence at 1925 Rowan Street, Philadelphia. Michael Griffin was watching the encounter while sitting in an automobile parked nearby. Michael's sister, Willie Mae Cupitt, emerged from her nearby residence to tell him to come home. A crowd gathered and hostile words ensued between McCloud's mother and Willie Mae Cupitt's mother. Suddenly, McCloud emerged from her residence armed with a butcher knife and stabbed Willie Mae Cupitt. The wound resulted in death later the same day.

Officers of the Philadelphia Police Department arrived at the scene shortly after the stabbing. One attended the deceased. The other officer, Charles Holmes, was informed by someone in the crowd that McCloud was responsible and that she lived at "the house with the white door." As Officer Holmes approached 1925 Rowan Street, McCloud, who was standing in the doorway, stated "I'm the one they're talking about. I stabbed her." McCloud made these statements without any prior questioning by Officer Holmes. Officer Holmes testified McCloud was alert and calm during the period in which she was in his presence.

**2.** In a colloquy between the trial judge and McCloud's counsel, Anthony Bateman, prior to sentencing, her counsel failed to present any additional reasons for a new trial. The following transpired:
"The Court: All right. Mr. Bateman, do you have any argument?
"Mr. Bateman: None that wasn't put out in the body of the motions themselves, may it please the Court."

Officer Holmes placed McCloud under arrest, and she was transported to the Northwest Detective Division.

At Northwest Detective Division, McCloud was advised of her rights in accordance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) [hereinafter: *Miranda*] by Detective John Ainsley. She indicated she understood and waived these rights. She then gave an inculpatory statement. She was preliminarily arraigned on charges of aggravated assault, weapons offenses, and related charges at 7:42 p. m. on November 9, 1977. Detective Ainsley stated McCloud appeared quiet and normal when she gave her statement.

After the police were informed of the deceased's demise, McCloud was transferred to the Police Administration Building where she was informed of the death. She was again advised of her rights by Detective James Richardson. She again waived her rights and gave a second inculpatory statement. A formal complaint was filed on November 10, 1977. McCloud was charged therein with murder generally, possession of an instrument of crime, and possession of a prohibited offensive weapon. She was preliminarily arraigned on these charges at 2:18 a. m. the same day.

McCloud filed a pretrial motion to suppress her statements. In support of the motion, she stated she could not effectively waive her rights to remain silent and to the assistance of counsel because she suffered from an "illness of the mind." She waived legal argument on the merits of the motion. The motion was denied. The suppression court concluded, *inter alia*, that McCloud knowingly and voluntarily waived her rights to remain silent and to the assistance of counsel after being properly warned of these rights by officers prior to any interrogation.

In the instant appeals, McCloud argues that: (1) she is entitled to a new trial because the waiver of her rights to remain silent and to assistance of counsel was ineffective; and, (2) judgment should be arrested because trial commenced more than 180 days from "the first filing of a writing" and because the Commonwealth failed to request

an extension. We will not reach the merits of these claims because McCloud has not properly preserved them for review. Accordingly, we affirm the judgments of sentence.

█ McCloud argues the waiver of her *Miranda* rights was ineffective because she was undergoing psychiatric care at the time of the waiver. She urges, by analogy to *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975) and its progeny, that, once an interrogating officer has reason to know an accused is functioning under psychiatric disability, questioning must immediately cease until counsel is appointed and/or a psychiatric examination is administered to assure the accused can intelligently and knowingly waive his rights. This specific issue was not raised in post-verdict motions and is, therefore, waived.[3] See *Commonwealth v. Jackson*, 477 Pa. 195, 197, 383 A.2d 890, 891 (1978); *Commonwealth v. Jones*, 472 Pa. 527, 529, 372 A.2d 814, 815 (1977); *Commonwealth v. Carr*, 471 Pa. 86, 89–90, 369 A.2d 1207, 1208–09 (1977).

█ McCloud's speedy trial argument is based on Pa.R. Crim.P. 1100(a)(2) which provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." She argues trial commenced one hundred eighty-one days after she was preliminarily arraigned on charges of aggravated assault and related offenses on November 9, 1977. Trial commenced on May 8, 1978. McCloud has waived this issue by not complying with Pa.R.Crim.P. 1100(f) which requires an application to dismiss charges based on violations of Pa.R.Crim.P. 1100 be filed pretrial. The record contains no such pretrial application. See *Commonwealth v. Coleman*, 477 Pa. 400, 408, 383 A.2d 1268, 1272

3. Since appellant has failed to preserve this specific issue in post-verdict motions, we need not decide whether she raised the issue with sufficient particularity in her pretrial suppression motion. See *Commonwealth v. Baylis*, 477 Pa. 472, 474, 384 A.2d 1185, 1186 (1978).

(1977);[4] *Commonwealth v. Wallace*, 475 Pa. 27, 28–29, 379 A.2d 558, 559 (1977).

Judgments of sentence are affirmed.

MANDERINO, J., did not participate in the decision of this case.

4. *Commonwealth v. Coleman,* supra, ruled, generally, that in order to preserve a Rule 1100 claim, the accused must file a pretrial motion to dismiss. The *Coleman* Court also held, however, that this requirement was unnecessary therein because the accused opposed the Commonwealth's petition for an extension of time. In the instant case, the Commonwealth did not petition for an extension of time and, therefore, McCloud was required to raise her Rule 1100 claim prior to trial in order to preserve the claim for appellate review.