J-S50030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRONE JONES | |
| Appellant | No. 1771 EDA 2014 |

Appeal from the Order Entered May 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0612181-1973

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:              **FILED DECEMBER 08, 2015**

Appellant, Tyrone Jones, appeals from the May 21, 2014 order dismissing, as untimely, his sixth petition, as amended, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we affirm.

We summarize the early history of this case as follows.  Appellant, who was a juvenile but tried as an adult, was convicted in May 1975 of first-degree murder, carrying a firearm on a public street, and criminal conspiracy in connection with the slaying of a 17-year-old victim as part of a gang initiation.[1]  Appellant was sentenced to a mandatory term of life in prison without the possibility of parole on October 28, 1975.  Appellant filed a

---

[1] 18 Pa.C.S.A. §§ 2502, 6108, and 903, respectively.

direct appeal, which was denied by our Supreme Court on April 28, 1977. ***Commonwealth v. Jones***, 372 A.2d 814 (Pa. 1977). After filing a Post Conviction Hearing Act petition, Appellant was permitted to file additional post-sentence motions *nunc pro tunc*, which were denied by the trial court. In a second direct appeal, Appellant's sentence was affirmed by this Court on October 23, 1986, and our Supreme Court denied Appellant's petition for allowance of appeal on April 30, 1987. ***Commonwealth v. Jones***, 517 A.2d 1365 (Pa. Super. 1987) (unpublished memorandum), *appeal denied*, 527 A.2d 536 (Pa. 1987). Subsequently, Appellant filed a series of PCRA petitions in 1993, 1997, 2001, and 2007, in which he claimed, *inter alia*, that various witnesses existed who could provide alibis or testify that he was not present at the shooting. All of Appellant's petitions were dismissed.[2]

Appellant filed the instant petition on July 14, 2010. After several authorized and unauthorized amendments, the PCRA court entered an order notifying Appellant of its intent to dismiss Appellant's PCRA petition without a hearing on April 21, 2014. Appellant did not file a response, and on May

---

[2] Appellant was appointed counsel for his 1993 and 1997 PCRA proceedings. Appellant's 2001 and 2007 petitions were dismissed as untimely. Appellant appealed from the denial of the 1997, and 2001 petitions, and this Court affirmed the rulings. ***Commonwealth v. Jones***, 1076 EDA 1998 (Pa. Super. 1999), *appeal denied*, 423 EDA 1999 (Pa. 1999); ***Commonwealth v. Jones***, 1495 EDA 2002 (Pa. Super. 2003).

21, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition.[3] Appellant filed a timely notice of appeal on June 20, 2014.[4]

On appeal, Appellant raises the following issues for our review.

> [1] Did the PCRA court err in ruling that [Appellant's] Rule 1925(b) Statement of Errors on Appeal — claiming that the court erred in determining his Fourth Amended Petition "was untimely" — was too vague when: the statement complied with Pennsylvania Rule of Appellate Procedure 1925(b)(4)(v), as amended in 2007, and encompassed all subsidiary issues; and the issue was not only fully preserved in the record but was the only substantive issue addressed in the court below?
>
> [2] Did the PCRA court err in ruling that [Appellant] waived review of the issues set forth in his Fourth Amended Petition by failing to seek leave to amend his petition when [Appellant] consistently informed the court of his intent to amend, the Commonwealth filed a motion to dismiss the Fourth Amended Petition, and the court implicitly accepted his Fourth Amended Petition as the operative pleading?

_____

[3] On June 4, 2014, the PCRA court filed a second order, redundantly dismissing Appellant's PCRA petition.

[4] Appellant filed a second notice of appeal at the same time, treating the PCRA court's order as separate dismissals of his fourth amended PCRA petition and his April 4, 2014 emergency petition. In compliance with the PCRA court's directive, Appellant also filed separate concise statements of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On October 24, 2014, this Court dismissed the appeal at 1770 EDA 2014 as duplicative. *See Commonwealth v. Jones*, 1770 EDA 2014, *Per Curiam* Order, 10/24/14. On November 24, 2014, this Court clarified that Appellant was free to raise the issues from both Rule 1925(b) statements in his brief for the instant appeal. *See id. Per Curiam* Order, 11/24/14. In the meantime, the PCRA court issued two Rule 1925(a) opinions on August 21, 2014 and September 2, 2014, respectively.

[3] Did the PCRA court err in ruling, without an evidentiary hearing, that [Appellant] had not exercised due diligence in obtaining new evidence when: (a) [Appellant] raised issues of material fact regarding his diligence that required an evidentiary hearing under Pennsylvania Rule of Criminal Procedure 908(2); and (b) the PCRA court's findings regarding [Appellant's] alleged lack of diligence are not supported by the record?

[4] Did the PCRA court err in dismissing [Appellant's] claim under **Brady v. Maryland**, 373 U.S. 83 (1963) when: (a) the evidence withheld by the Commonwealth was material and favorable to [Appellant]; and (b) the court failed to conduct a fact-intensive inquiry to determine the materiality of the withheld evidence, consequently misconstruing the facts of record and misapplying the principles of **Brady**?

[5] Did the PCRA court prematurely deny [Appellant's] request for discovery when it had not yet determined whether it had jurisdiction over [Appellant's] claims?

[6] Did the PCRA court err in dismissing [Appellant's] independent actual innocence claim when: (a) such a claim should be recognized under the Pennsylvania and United States Constitutions; and (b) the PCRA court's finding that [Appellant] could not establish actual innocence was made without an evidentiary hearing?

[7] Did the PCRA [c]ourt err in concluding that [Appellant] failed to timely file his Amended Emergency Petition under the PCRA?

[8] Did the PCRA [c]ourt err in concluding that, if, [Appellant's] claims are not cognizable under the PCRA, he may not seek relief through a writ of habeas corpus?

[9] Does the failure to apply **Miller v. Alabama**, []132 S. Ct. 2455 (2012) retroactively in

- 4 -

*Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), render [Appellant's] sentence unlawfully disproportionate in violation of the United States Constitution's bar on cruel and unusual punishment and the Pennsylvania Constitution's prohibition on cruel punishment?

[10] Is the failure to apply *Miller* retroactively in *Cunningham* so unfair and inequitable that it independently violates the Pennsylvania Constitution's prohibition on cruel punishment?

[11] Does the failure to apply *Miller* retroactively in *Cunningham* irrationally and without justification treat similarly-situated juvenile offenders differently and thus violate [Appellant's] state and federal constitutional rights to equal protection and due process?

[12] Under the constitutional avoidance canon, should this Court refrain from deciding the constitutional issues raised in Questions 9-11 and, instead, conclude that *Miller* applies retroactively under settled Pennsylvania law because good grounds exist to do so and the *Miller* rule comports with Pennsylvania norms?

Appellant's Brief at 4-8.

We address the denial of PCRA relief according to the following standards.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013)

(citation omitted).

> [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 105 A.3d 658 (Pa. 2014).

We elect to first address Appellant's second issue, raised in response to the PCRA court's contention that the issues Appellant raised in his fourth amended PCRA petition are waived because leave to file said amended petition was not expressly sought by Appellant or granted by the PCRA court.[5] Appellant's Brief at 33; PCRA Court Opinion, 9/2/14 at 12.

_____

[5] At the outset, we address Appellant's first issue, which counters the PCRA court's suggestion in its September 2, 2014 opinion, that Appellant has waived his issues on appeal that challenge the PCRA court's determination that the PCRA petition was untimely because his Rule 1925(b) statement was too vague. PCRA Court Opinion, 9/2/14, at 11-12. In pertinent part, Appellant's 1925(b) statement reads that "[t]he [PCRA c]ourt erred in ruling that [Appellant's] Fourth Amended PCRA Petition was untimely." Appellant's Rule 1925(b) Statement, 7/14/14, at 2. We note, that the PCRA court did not promulgate any particular findings or supply any exposition of its reasons beyond its determination that Appellant's petition was untimely when it filed its Rule 907 notice, or its May 21, 2014 order dismissing Appellant's PCRA petition. Accordingly, Appellant did not have the PCRA court's particular rationale to make a more particularized articulation of his

*(Footnote Continued Next Page)*

> Our criminal procedural rules reflect that the PCRA judge "may grant leave to amend … a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A); **see Commonwealth v. Williams**, 573 Pa. 613, 633, 828 A.2d 981, 993 (2003) (noting that the criminal procedural rules contemplate a "liberal amendment" policy for PCRA petitions). Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not "self-authorizing." **Commonwealth v. Porter**, 613 Pa. 510, 523, 35 A.3d 4, 12 (2012). Thus, for example, a petitioner may not "simply 'amend' a pending petition with a supplemental pleading." **Id.** Rather, Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA Court." **Id.** at 523–24, 35 A.3d at 12[.]

**Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014).

Appellant argues that a PCRA court's implicit acceptance of an amended pleading is sufficient. Appellant's Brief at 34, *citing* **Commonwealth v. Roney**, 79 A.3d 595, 615-616 (Pa. 2013) (noting where a PCRA court did not "address or … delineate" claims raised in an amended PCRA petition, it did not "implicitly or explicitly accept" them), *cert. denied*, **Roney v. Pennsylvania**, 135 S. Ct. 56 (2014). Instantly, following the filing of Appellant's fourth amended PCRA petition on September 6, 2012, the Commonwealth filed a motion to dismiss it on May 31, 2013. Subsequently, the PCRA court directed the parties to brief the issues contained therein and entertained oral arguments on August 5, 2013.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

issue. Under these circumstances, we decline to find waiver based on the wording of Appellant's Rule 1925(b) statement.

Additionally, by order dated August 12 2013, the PCRA court explicitly treated Appellant's July 12, 2012 "Petition for Vacation of Illegal Sentence," raising the **Miller** issues discussed *infra*, as an amendment to Appellant's PCRA petition and held Appellant's after discovered evidence claims in abeyance to address all issues together. PCRA Court Order, 8/12/13, at 1. Finally, on January 8, 2014, the PCRA court granted Appellant's motion to further amend his "Petition for Habeas Corpus and/or Post Conviction relief." PCRA Court Order, at 1.

Given these circumstances, we agree with Appellant that the PCRA court implicitly accepted Appellant's fourth amended petition as well as explicitly granting leave for the subsequent amendments through Appellant's "Petition for Vacation of Illegal Sentence." Accordingly, we do not conclude Appellant has waived any of his issues on the basis that they were contained in an unauthorized amended pleading. **See Roney**, **supra**; **see also**, **e.g.**, **Commonwealth v. Torres**, 101 A.3d 781, 781 n.1 (Pa. 2014) (*per curiam*) (recognizing that where a PCRA court entertained issues raised in an amendment to a PCRA, it was implicitly accepted).

We therefore proceed to address Appellant's issues challenging the PCRA court's determination that his sixth PCRA petition is untimely and that none of the statutory exceptions apply. "[I]t is well-settled that … a question of timeliness implicates the jurisdiction of our Court." **Commonwealth v. Gandy**, 38 A.3d 899, 902 (Pa. Super. 2012) (internal

quotation marks and citation omitted), *appeal denied*, 49 A.3d 442 (Pa. 2012). "It is well settled that [a]ny and all PCRA petitions must be filed [in a timely manner] unless one of three statutory exceptions applies." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061-1062 (Pa. Super. 2011) (internal quotation marks and citations omitted), *appeal denied*, 38 A.3d 823 (Pa. 2012). "We have repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. Whether [the a]ppellant has carried his burden is a threshold inquiry prior to considering the merits of any claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013).

Instantly, it is uncontested that Appellant's sixth PCRA petition, filed July 14, 2010, is facially untimely.[6] Appellant's Brief at 39. Specifically, in his third issue, Appellant asserts that he properly pled the application of Section 9545(b)(1)(ii)'s newly discovered fact exception to the PCRA's timeliness constraints. Appellant's Brief at 39; 42 Pa.C.S.A. § 9545(b)(1)(ii)

_____

[6] The 1995 amendments to the PCRA provide that any PCRA petition must be filed within one year of the date that a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(3). For judgments that became final before the effective date of 1995 amendments, a petition must be filed within one year of the amendments' effective date of January 15, 1996. 42 Pa.C.S.A. § 9545(b). Here, Appellant's judgment of sentence became final on June 29, 1987, at the expiration of the 60 days he had to seek certiorari review from the United States Supreme Court of our Supreme Court's April 30, 1987 affirmance of his judgment of sentence on Appellant's second direct appeal.

(providing that it is an exception to the PCRA's timeliness bar when the petitioner proves "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). In his various amendments to his sixth PCRA petition, Appellant averred the discovery of new facts in the form of various witness statements. **See generally** Fourth Amended PCRA petition, 9/6/12.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown"* and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

**Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012). Our Supreme Court has "held that a petitioner must allege and prove previously unknown 'facts,' not merely a newly discovered or newly willing source for previously known facts." **Edmiston**, **supra** at 353 (internal quotation marks and citations omitted). A due diligence inquiry is a preliminary one, addressed to the application of the timeliness exception at Section 9545(b)(1)(ii), and does not include a merits analysis of the claim. **Bennett**, **supra** at 1271-

1272. This Court has recently clarified "that due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*) (citations omitted). Additionally, the "due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." ***Id.*** at 1070.

Instantly, the PCRA court determined that Appellant did not exercise due diligence in identifying the witnesses and securing the proffered statements. PCRA Court Opinion, 9/2/14, at 19. "[B]ecause [Appellant] failed to aver why these witnesses could not have been discovered sooner, this claim should be denied." ***Id.*** Appellant contends that the PCRA court erred by not conducting a hearing on the issue of Appellant's exercise of due diligence. Appellant's Brief at 39.

> With his petition, Mr. Jones included certifications from counsel and his investigator regarding the extraordinary efforts made to find each and every witness who provided information included in the petition… and, in his response to the Commonwealth's motion to dismiss, [Appellant] provided a detailed proffer of the evidence he would present at a hearing to establish his diligence…. In addition, [Appellant's] most recent submission on this topic — made after the PCRA court raised questions about his diligence at an August 2013 oral argument on the Commonwealth's motion — included detailed certifications from [Appellant], [Appellant's counsel], and [Appellant's investigator] regarding their efforts to find new evidence in

- 11 -

> [Appellant's] case over the years as well as twenty letters documenting those efforts.

*Id.* at 40-41.[7]

The PCRA court detailed the relevant witness statements and summarized the circumstances surrounding their discovery by Appellant. PCRA Court Opinion, 9/2/14, at 13-16.[8] The PCRA court concluded that Appellant did not present a contested fact demonstrating his exercise of due diligence in seeking out these witnesses.

> [Appellant's] assertions belie the fact that he has filed numerous prior PCRA petitions that alleged witnesses existed who could exonerate him. Despite knowing that such witnesses existed [Appellant] has failed to aver that he ever made any attempt to locate them. In this Court's view, this was fatal to his claim because it shows that [Appellant] did not take "reasonable" steps to find any witnesses.

*Id.* at 18-19.

---

[7] The proffered witnesses included co-defendant Michael Long, whose statement indicates Appellant shot at but did not hit anyone during the incident; Howard and Darryl Williams, located through neighborhood inquiries, whose statements indicate they were eyewitnesses and Appellant was not present during the shooting; Arthur Lynn, who came to Appellant's attention via a letter from Robert Perkins, an inmate who met Lynn in prison, whose statement indicates he was an eyewitness and Appellant was not present during the shooting; and Andrew Monroe, a friend of Appellant's brother, whose statement purports that Monroe knows who the true killers were. *See* PCRA Court Opinion, 9/2/14, at 13-16.

[8] The PCRA court noted that Appellant "concedes in his response to the Commonwealth's Motion to Dismiss that he did not establish due diligence with respect to [other witnesses from whom statements were obtained, *i.e.,*] Alan Smith, Curtis Anthony, Ivory Rainey, and the victim's family." PCRA Court Opinion, 9/2/14, at 21.

As explained by the PCRA court, Appellant's description of the effort expended in locating the witnesses and securing the subject statements does not explain why that effort was not commenced years earlier or establish the information obtained as unknown. *Id.* at 20-21. For example, Appellant was certainly aware the potential of co-defendant Long as an alibi witness. Accordingly, Long's statement does not contain unknown facts, but merely represents a newly located source for the information. As noted above, a newly identified source of a known fact does not constitute a newly-discovered fact for the purposes of Section 9545(b)(1)(ii). **See Edmiston**, **supra**.

Additionally, Appellant was aware of the existence of potential witnesses from the neighborhood of the shooting but failed to aver why efforts to locate witnesses could not have commenced earlier. Appellant had averred the existence of such witnesses in his earlier counseled PCRA petitions, albeit without identifying them. **See generally** PCRA Petition, 10/14/93; PCRA Petition, 1/16/97. As the PCRA court notes, Daryl and Howard Williams were still able to be located by canvassing the neighborhood some 40 years after the crime, and Monroe was a friend of the family. PCRA Court Opinion, 9/2/14, at 20. With regard to Lynn, the PCRA court found the failure to produce the purported letter from Perkins resulted in an insufficient averment of when Lynn's information was discoverable. *Id.*

Appellant cites as evidence of his due diligence the fact that he repeatedly sought relief in the courts despite his attorneys filing no-merit letters. Appellant's Brief at 41. We view this argument as an implicit attack on the effectiveness of prior counsel, which our Supreme Court has held will not support a newly discovered fact claim. "[T]o the extent that Appellant is arguing that PCRA counsel's ineffectiveness was after-discovered 'fact,' we conclude that such a claim will not establish jurisdiction under 42 Pa.C.S.A. § 9545(b)(1)(ii)." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 786 (Pa. 2000).

Based on our review of the record, we agree with the PCRA court's determination that Appellant has not presented sufficient facts in dispute establishing his due diligence in securing the witness statements or that the information contained therein was truly unknown as opposed to being merely offered by a "newly discovered or newly willing source." *Edmiston*, *supra*. Accordingly we discern no abuse of discretion by the PCRA court in determining Appellant failed to adequately plead due diligence or in declining to hold a hearing. *See Williams*, *supra*.

Appellant alleges in his fourth issue the PCRA court erred in evaluating Appellant's *Brady* claim relative to information alleged to have been withheld by the Commonwealth about a gun found where co-defendant Long

directed them to look.[9]    Appellant's argument centers on the PCRA court's alternative discussion on the merits of the ***Brady*** claim and whether the withheld information was material.

However the PCRA court determined Appellant's ***Brady*** claim was untimely and did not fall under either the newly discovered fact or governmental interference timeliness exceptions under Sections 9545(b)(1)(i) and (ii).  Again, the PCRA court determined Appellant failed to establish he acted with due diligence in discovering the information.  PCRA Court Opinion, 9/2/14, at 22.   Noting Appellant was aware of Long's statement, the PCRA court stated, "in those statements Long referred to Stewart and told police about the gun at Stewart's house. Consequently, because [Appellant] was aware of this information he certainly could have investigated Stewart and the gun well prior to his filing of his most recent petition."  ***Id.***  The PCRA court also determined that, to the extent Appellant asserted the governmental interference exception, he failed to raise the claim within 60 days of when it could have been discovered as required by 42 Pa.C.S.A. § 9545(b)(2).  ***Id.***   Because Appellant has provided no

_____

[9] Specifically, Appellant alleged the ***Brady*** violation consisted of the following.  Appellant's initial statements to the police included conflicting descriptions of a gun he said his co-defendant fired toward the victim. Subsequent statements from Long indicated the weapon was at the residence of Gary Stewart.  The gun retrieved by the police from the Stewart residence was determined not to be the murder weapon and statements from Stewart indicated the same.  The information about the gun retrieved from Stewart's residence and Stewart's statement was not provided to Appellant by the Commonwealth.  Appellant's Brief at 49-50.

argument in his brief challenging the PCRA court's timeliness grounds for rejecting his **Brady** claim within the instant PCRA petition, we conclude he has waived the issue on appeal. **See Commonwealth v. Treiber**, 121 A.3d 435, 461 (Pa. 2015) (holding appellant waived PCRA **Brady** claim where he did not show why the claim could not have been raised earlier).

In his fifth and sixth issues, Appellant avers the PCRA court erred in rejecting his "independent actual innocence claim." Appellant's Brief at 56. The PCRA court noted that such a claim does not obviate the jurisdictional time-bar of the PCRA. PCRA Court Opinion, 9/2/14, at 25-26. Appellant asserts that the PCRA court's premise was faulty and that he was actually asserting an independent right, citing federal *habeas corpus* precedent. Appellant's Brief at 57-58. Our Supreme Court has long rejected such arguments. **Commonwealth v. Fahy**, 737 A.2d 214, 223, (Pa. 1999).

Appellant's remaining issues pertain to his **Miller** legality of sentencing issue and the application of the newly established constitutional right exception to the timeliness requisites of the PCRA under Section 9545(a)(1)(iii). However, our Supreme Court has held that **Miller** has not been held to apply retroactively. **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2014), *cert denied*, **Cunningham v. Pennsylvania**, 134 S. Ct.

2724 (2014). As a result, Appellant cannot invoke the new constitutional right exception to the time-bar.[10]

For all the foregoing reasons, we conclude the PCRA court correctly determined that Appellant's sixth PCRA petition was untimely filed and none of the enumerated time-bar exceptions apply. Accordingly, the PCRA court's May 21, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2015

_____

[10] On March 23, 2015, the Supreme Court granted *certiorari* in ***Montgomery v. Louisiana***, 135 S. Ct. 1546 (2015), which presents the ***Miller*** retroactivity question. Nonetheless, until the United States Supreme Court issues its decision, ***Cunningham*** remains dispositive of the issue in Pennsylvania.